UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW DAVID SMITH,

                Claimant,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. C17-647 RAJ

**ORDER DENYING COMMISSIONER'S MOTION TO DISMISS AND DIRECTING ANSWER BE FILED**

The Commissioner filed the instant motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. 5. The Commissioner included matters outside the pleadings, namely the Declaration of Nancy Chung, that the Court found necessary to consider prior to ruling on the motion.[1] Mr. Smith submitted rebutting evidence outside the pleadings in the form of records and his declaration. The Commissioner had an opportunity to reply to Mr. Smith's response. As such, the Court finds the parties have had a reasonable

---

[1] In resolving a factual attack on jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). The Court "need not presume the truthfulness of the plaintiff's allegations." *Id.*, citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Any factual disputes, however, must be resolved in favor of the plaintiff. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016), citing *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

opportunity to present all the material that is pertinent to the motion.

The Commissioner contends that the Court lacks jurisdiction to review Administrative Law Judge (ALJ) Ilene Sloan's order of dismissal because Mr. Smith failed to exhaust his administrative remedies and has not presented a colorable constitutional claim of due process violations. *See* Dkt. 5-1 at 22-25.

For the reasons set forth below, the Court denies the Commissioner's motion.

## BACKGROUND

Mr. Smith filed for disability insurance and supplemental security income benefits on October 16, 2013. Dkt. 5-1 at 2. The Social Security Administration denied his application initially on March 3, 2014. Dkt. 5-1 at 3.

On April 3, 2014, Mr. Smith filed a Request for Hearing, stating that he has schizophrenia, bipolar disorder, and attention deficit disorder. Dkt. 5-1 at 5. At the time, Mr. Smith was living at a homeless shelter on Highland Avenue in Shreveport, Louisiana. Smith Decl., Dkt. 12-5 at 1. He lived at the Highland Avenue address "for two or three months," which suggests that, at the latest, he stopped living there by early July 2014. *Id.* When Mr. Smith "was discharged [he] was told that [he] could not come back." *Id.* After that, Mr. Smith was homeless for an unspecified period of time, and spent time in various homeless shelters and medical facilities in Shreveport and in Arkansas. *Id.* at 2.

On September 17, 2014, the Administration mailed a Notice of Hearing to Mr. Smith at the Highland Avenue address, advising him of a hearing scheduled for December 8. Dkt. 5-1 at 22. The notice contained "a reminder that failing to appear at his scheduled hearing without good cause could result in dismissal of the claimant's request for hearing." *Id.* The notice also requested Mr. Smith return an enclosed Acknowledgement of Receipt form. *Id.* The

Acknowledgement of Receipt form was not returned. *Id.*

Fifteen days after the notice was mailed, on October 2, Mr. Smith was admitted to the University of Arkansas for Medical Sciences, where treatment notes state that he reported he "was at [Recovery Centers of Arkansas] for the past two weeks…." Dkt. 12-4 at 14.

On October 17, Mr. Smith went to an Administration field office in Little Rock, Arkansas, where he remembers an employee telling him that he "would need to wait until April 2015 until [he] heard about [his] hearing." Dkt. 12-5 at 2.

On November 24, the Administration mailed a Notice of Hearing Reminder to the Highland Avenue address. Dkt. 5-1 at 22. The reminder notice again warned Mr. Smith that failing to appear at the time and place of his hearing without good cause could result in dismissal of his request for hearing. Dkt. 12-1 at 90. The reminder notice included another Acknowledgement of Receipt form with a request to return it and, again, it was not returned. Dkt. 5-1 at 22.

Mr. Smith did not appear at the hearing on December 8. Dkt. 5-1 at 23. On December 10, a Notice to Show Cause for Failure to Appear was mailed to the Highland Avenue address. Dkt. 5-1 at 12. On December 17, this notice was returned as undeliverable. Dkt. 5-1 at 12. "All reasonable efforts, including a check of new telephone listings," failed to locate Mr. Smith. Dkt. 5-1 at 12. On January 16, 2015, ALJ Charles Lindsay dismissed Mr. Smith's April 2014 hearing request for failure to appear. Dkt. 5-1 at 11-12.

On April 2, 2015, Mr. Smith, who had moved to Washington in early 2015, filed a Request for Review of Hearing Decision/Order. Dkt. 12-5 at 2; Dkt. 5-1 at 13. He wrote "I'm still disabled and am Homeless and didn't get a notice." Dkt. 5-1 at 13. Although Mr. Smith's request was not timely filed, on October 23, 2015, the Appeals Council found that "good cause is

shown for late filing[,]" citing 20 C.F.R. §§ 404.911 and 416.1411, and granted the request for review. Dkt. 5-1 at 17. The Appeals Council did not identify on what grounds it found good cause for late filing, but the regulations cited gave examples of "circumstances where good cause may exist[,]" including "any physical, mental, educational, or linguistic limitations" that prevented the claimant from filing timely or when the claimant "did not receive notice of the determination or decision." 20 C.F.R. §§ 404.911(a)(4), (b)(7); 416.1411(a)(4), (b)(7).

In a letter dated December 3 and received December 8, 2015, the Department of Social and Health Services of the State of Washington (DSHS) informed the Administration that Mr. Smith "has moved and he is presently getting his mail at: General Delivery, Bellingham WA 98225." Dkt. 12-1 at 55. The letter described mental health hospitalizations and emergency room visits in October and November at Fairfax Hospital in Everett, Northsound in Sedro Woolley, and St. Joseph in Bellingham, and asked the Administration to request records from those institutions. *Id.* The letter also stated that Mr. Smith "does not have a SSI attorney at this time." *Id.* The Administration did not request the records.

On remand from the Appeals Council, ALJ Ilene Sloan dismissed Mr. Smith's hearing request on March 18, 2016. Dkt. 5-1 at 22-25. ALJ Sloan "considered the mailbox rule" to determine that "[p]resumably, the claimant received the Notice of Hearing and Reminder notices that were mailed on September 17, 2014 and November 24, 2014 respectively." Dkt. 5-1 at 24.

The decision also stated that ALJ Sloan "considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing." *Id.* The cited regulations require the ALJ, in determining good cause, to "consider any physical, mental, educational, or linguistic limitations" the claimant may have.

On May 3, 2016, Mr. Smith requested review of the dismissal. Dkt. 12-1 at 51, 177. Mr. Smith appears to have obtained counsel around that time. Dkt. 12-1 at 180 (letter from LAW Advocates to Appeals Council dated June 13, 2016). In a declaration dated September 26, 2016, Mr. Smith stated that he was "inpatient" at UAMS Medical Center in Little Rock, Arkansas, in October 2014 and asked the Administration for an extension so he could provide medical records that he expected to receive in mid-October. Dkt. 12-1 at 174-75.

On February 16, 2017, the Appeals Council issued a letter stating it had considered Mr. Smith's September declaration, but denied his request for review. Dkt. 5-1 at 26-27. On April 25, Mr. Smith's counsel requested the denial of review be vacated, submitting evidence that the Highland Avenue address was a homeless shelter, and on May 19, counsel filed medical records from 2014 supporting Mr. Smith's contention that he did not receive hearing notices. Dkt. 12 at 4.

**DISCUSSION**

**A.  Due Process**

The Court has jurisdiction pursuant to statute to review only a "'final decision of the [Administration] made after a [statutorily mandated] hearing.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. §405(g). An ALJ's decision whether good cause has been shown, to entertain an untimely hearing request or to reopen an earlier application, is strictly discretionary, not final, and thus is not generally reviewable by a district court. *Id.* However, a discretionary decision by the Administration that is not a final decision may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (citing *Sanders*, 430 U.S. at 109); 42 U.S.C. § 405(g). This "exception applies to any colorable

constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (internal quotation marks and citation omitted). A "mere allegation of a due process violation is not a colorable constitutional claim." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and citation omitted). "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id.* (internal quotation marks and citation omitted).

The parties agree that there has not been a judicially-reviewable final decision on Mr. Smith's application, and that the Court's jurisdiction to review the ALJ's dismissal of Mr. Smith's request for hearing hinges on whether Mr. Smith alleges a colorable constitutional claim that his due process rights were violated by the ALJ's failure to follow Administration regulations.

Section 404.957 of Title 20 of the Code of Federal Regulations sets forth the conditions under which an ALJ may dismiss a request for hearing for failure to appear. A dismissal is only permitted if the claimant "ha[s] been notified" that failure to appear may result in dismissal *and* "good cause has not been found by the administrative law judge" for failure to appear. 20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i). Subsection (b)(2) of the regulations provides that "[i]n determining good cause or good reason under this paragraph, [the ALJ] will consider any physical, mental, educational, or linguistic limitations" the claimant may have. 20 C.F.R. § 404.957.

Mr. Smith alleges that (1) he did not receive notice, and (2) the ALJ did not consider his mental limitations in determining good cause.

**B.     Notice**

The Commissioner contends that the mailbox rule establishes a presumption, inadequately rebutted by Mr. Smith, that he received the hearing notice and reminder notice. Mr. Smith contends he has rebutted the presumption through medical records showing he was in a hospital for the two weeks after the hearing notice was mailed, and that he was not living at the Highland Avenue address when either notice was mailed.

The mailbox rule operates to create a rebuttable presumption that a mailing reached a recipient, not to provide irrefutable proof. Mr. Smith provided rebutting evidence that the ALJ failed to consider. The Court concludes that the ALJ must consider Mr. Smith's evidence.

The mailbox rule, which has been applied in Social Security cases, is "'a long-established principle which presumes that, upon a showing of predicate facts that a communication was sent, the communication reached its destination in regular time.'" *Forman v. Colvin*, No. 3:13-CV-00589-SI, 2013 WL 5462376, at *4 (D. Or. Sept. 30, 2013), quoting *Payan v. Aramark Mgmt. Svcs.*, 495 F.3d 1119, 1123 n. 4 (9th Cir. 2007). While the predicate facts are not usually described in the case law, surely they must include the fact that the mail was addressed to a recipient's stable address. In every case cited by the Commissioner, the mail in question was sent to a recipient's home or business address. *See MacPherson v. Shinseki*, 525 Fed.Appx. 934, 938 (Fed. Cir. May 20, 2013), *Payan*, 495 F.3d 1119, *Schikore v. BankAmerica Supp'l Ret't Plan*, 269 F.3d 956 (9th Cir. 2001), *Hinton v. Astrue*, 919 F.Supp.2d 999 (S.D. Iowa 2013), *Sandoval v. Astrue*, 2008 WL 3545760 (E.D. Wash. Aug. 8, 2008). The ALJ cited an 1884 U.S. Supreme Court case where the mail was sent to the recipient's "proper address...." *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884). But in this case, the mailings were sent to a homeless shelter; Mr. Smith had no home or stable address.

The Commissioner cites an unpublished Federal Circuit case for the proposition that the mailbox rule presumption is "buttressed" because Mr. Smith previously received mail at the Highland Avenue address. *See* Dkt. 5 at 7. In that case, the plaintiff acknowledged that he had received another document mailed the same day to the same address. *MacPherson*, 525 Fed. Appx. at 938. Although Mr. Smith may have received mail at the Highland Avenue address several months before the September and November notices, there is nothing similar to the situation in *MacPherson*.[2]

Even if the Court presumes that the hearing notice and reminder notice reached the Highland Avenue address in regular time, the issue in this case is whether Mr. Smith alleges a colorable constitutional claim that his due process rights were violated by the ALJ's failure to follow Administration regulations. Those regulations permit dismissal of a hearing request *only* if the claimant "ha[s] been notified" that failure to appear may result in dismissal. 20 C.F.R. §§ 404.959(b)(1)(i), 416.1457(b)(1)(i).[3] The ALJ's decision contains no analysis of whether Mr. Smith had been notified, only whether the notice had reached the Highland Avenue address.

The Commissioner contends the Administration discharged its duty by putting the notice in the mail, and Mr. Smith bore the burden of updating his address in the Administration records.[4] Administration regulations do require address updates and provide for a penalty of $25

---

[2] The Commissioner states that Mr. Smith submitted paperwork in October 2014 with the Highland Avenue address. Dkt. 13 at 3. But the paperwork is stamped as received June 2014. Dkt. 12-1 at 197. A handwritten "6" that looks like a "10" in the Date Signed box may be the source of the Commissioner's error. *See* Dkt. 12-1 at 195.

[3] Other Administration regulations are consistent, allowing the claimant to rebut a presumption of receipt. *See*, *e.g.*, 20 C.F.R. §§ 404.901, 416.1401 ("Date you receive notice means 5 days after the date on the notice, *unless you show us that you did not receive it* within the 5-day period." (Emphasis added)); 404.911(b), 416.1411(b) (examples of good cause for missing the deadline to request review include "You did not receive notice of the determination or decision.").

[4] The Commissioner says Mr. Smith updated his address previously, citing three places in the record, to show he is able to do so. But the first is a letter from DSHS (Dkt. 12-1 at 55), and the second is a letter from the Administration to Mr. Smith (Dkt. 12-1 at 110-12). The third appears to show that Mr. Smith

to $100, deducted[5] from disability payments. 20 C.F.R. §§ 416.708(a), 416.724. The penalty is not to have a disability claim remain unadjudicated. And if Mr. Smith was homeless, he had no address to provide. He alleges he was not even able to maintain residence at a shelter for homeless people with mental disabilities. It would be a tragic Catch-22 if a person's disability led to forfeiture of his claim forevermore.

The Court is sympathetic to the Commissioner's position that the Administration could not reasonably have done more to ensure Mr. Smith received notice. The inquiry here, however, is not whether the Administration properly sent notice, but whether the ALJ properly analyzed evidence that Mr. Smith did not receive the notice. Certainly, it is not the Administration's responsibility to track down each claimant and derive proof that notice was received. Mr. Smith was homeless, mentally ill and unrepresented; he did not have a reliable address to provide to the Administration. Now, however, a very different situation exists—Mr. Smith is represented by counsel, who obviously have a stable business address and will receive mail in the ordinary course.[6] The claim, which was stymied while Mr. Smith was unreachable, now has the possibility of resuming. The Court does not hold that the Administration must reopen all cases whenever claimants say they did not receive hearing notices. Rather, the ALJ must follow Administration regulations in determining good cause. That includes consideration of whether notice was received. The ALJ is not required to take the claimant's word for it. But here, Mr. Smith presents evidence showing he did not receive notice, and the ALJ must evaluate that

---

entered the Highland Avenue address in his Disability Report–Appeal form dated April 2014. Dkt 12-1 at 213-218.

[5] That the penalty is a deduction from disability payment implies that the duty to update only accrues after such payments have begun.

[6] *See* 20 C.F.R. §§ 404.1713(b), 416.1515(b) ("A notice or request sent to your representative will have the same force and effect as if it had been sent to you.").

evidence.

Because the ALJ failed to follow Administration regulations requiring her to determine whether Mr. Smith had been notified that his hearing request could be dismissed if he did not appear at the time and place of hearing, the Court concludes Mr. Smith has alleged a colorable constitutional violation.

**C.    Consideration of Mental Limitations**

Mr. Smith also contends that he has alleged a colorable constitutional claim that his due process rights were violated when ALJ Sloan failed to follow Administration regulations that required her to consider his mental limitations in determining whether he had shown good cause for missing his hearing. The Court agrees.

"[W]hen the Commissioner promulgates regulations explaining what circumstances may constitute good cause and an applicant relies on one or more of them in explaining her delay, some explanation is required of why the applicant's potentially valid reasons for good cause are rejected." *Dexter v. Colvin*, 731 F.3d 977, 981 ("if a claimant provides a facially legitimate reasons that constitutes 'good cause' under the Commissioner's regulations, *see* 20 C.F.R. § 404.911(b), then due process requires that the ALJ address it" (footnote omitted)). *See also Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (claimant's allegation that he suffered from an incapacitating mental impairment, "together with the fact that he was not represented by counsel" was sufficient to assert a colorable constitutional claim of due process violations).

Here, the relevant regulations do not provide examples of good cause. They do, however, provide that the ALJ "will consider" mental limitations. 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2). The Commissioner contends that the ALJ did consider Mr. Smith's mental limitations. The only consideration to be found in the ALJ's decision is this sentence: "The

undersigned has considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing." Dkt. 5-1 at 24. But as the Ninth Circuit has held, "some explanation is required" and mere citation of the regulation is not an explanation. In the absence of an explanation, the Court cannot determine whether the ALJ was aware of evidence that Mr. Smith suffers from schizophrenia, bipolar disorder,[7] and depression, or considered how those conditions might affect his capacity to understand the procedures for review of his disability claim. Tr. 12-1 at 197-98 (documents submitted to the Administration June 21, 2014). In different circumstances, this court has found that citing a regulation was adequate to show the ALJ had considered the factors listed therein. *Bland Munson v. Berryhill*, C16-5737-TSZ (W.D. Wash. Jul. 31, 2017). But in that case, although the ALJ's written decision merely stated that he did "not find any basis for reopening the claimant's prior … applications" and cited 20 C.F.R. § 404.988, the decision was issued after a hearing in which the claimant was able to present her good cause argument. *Id.* at 3, 6. Here, Mr. Smith has not participated in a hearing. The due process exception to the final decision rule protects the right to "a meaningful opportunity to be heard…." *See Udd v. Massanari*, 245 F.3d at 1099.

Mere citation of a regulation provides no reasoning for the Appeals Council, or a court, to review. "[M]eaningful review of an administrative decision requires access to the facts and reasons supporting that decision." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ provided no facts or reasons, either in a hearing or in a written decision, supporting the determination that Mr. Smith's mental limitations were insufficient to

---

[7] The Court notes that schizophrenia and bipolar disorder, if certain criteria are met, are among the listed impairments that qualify a claimant for disability income. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (listing 12.03 and 12.04).

show good cause for missing his hearing.[8]

The Court concludes that Mr. Smith has alleged a colorable constitutional claim that the ALJ violated his due process rights by failing to follow Administration regulations requiring her to consider mental limitations in determining good cause.

Accordingly, the Court has subject matter jurisdiction to adjudicate Mr. Smith's complaint. For the foregoing reasons, the Commissioner's motion to dismiss (Dkt. 5) is **DENIED** and this case may proceed as filed. The Commissioner is further directed to file an answer on or before April 13, 2018.

DATED this 20th day of February, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

---

[8] The Commissioner contends that Mr. Smith is mentally competent to participate in the appeals process and therefore cannot show prejudice. Dkt. 13 at 4-5. But it is the ALJ's role to weigh the evidence of mental limitations, not the Court's. *See* 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2). The merits of the good-cause decision are not judicially reviewable. *Dexter*, 731 F.3d at 980-81.